IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 13-cv-02142-RPM

MARLON WALKER,

     Plaintiff,

v.

SUSAN WHITE, DOC Division of Adult Parole, in her personal capacity for damages;
GUILLERMO SAMUDIO, DOC Division of Adult Parole, in his personal capacity for damages;
DANA MADRID, DOC Division of Adult Parole, in her personal capacity for damages;
BRIAN STRUZESKI, DOC Division of Adult Parole, in his personal capacity for damages;
ED THOMAS, Member of the Parole Board, in his personal capacity for damages;
DENISE BALAZIC, Member of the Parole Board, in her personal capacity for damages;
PATRICIA VAN WAAK, Member of the Parole Board, in her personal capacity for damages;
JOHN O'DELL, Member of the Parole Board, in his personal capacity for damages;
MICHAEL ANDERSON, Member of the Parole Board, in his personal capacity for damages;
REBECCA OAKES, Member of the Parole Board, in her personal capacity for damages;
ANTHONY YOUNG, Member of the Parole Board, in his personal capacity;
BRANDON SHAFFER, Member of the Parole Board, in his personal capacity;
ALFREDO PENA, Member of the Parole Board, in his personal capacity;
JOE MARTIN MORALES, Member of the Parole Board, in his personal capacity;
BECKY LUCERO, Member of the Parole Board, in her personal capacity for damages; and
JOHN DOE, Arkansas Valley Correctional Facility, in his personal capacity for damages,

     Defendants.

_____

ORDER FOR DISMISSAL
_____

To overcome the appearing defendants' claim of qualified immunity in their motion to dismiss and proceed with his claims for damages under 42 U.S.C. § 1983, Marlon Walker must show that there is clearly established law that would make them aware that they were violating the First, Fifth and Fourteenth Amendments to the United States Constitution by their actions that resulted in his additional incarceration for violating conditions of parole related to his classification as a sex offender. He has failed to meet this requirement.

The plaintiff's complaint and response to the motion to dismiss raise serious questions concerning the restrictions placed on persons classified as sex offenders under Colorado law. The named defendants, parole board members and parole officers acted under color of that law. There is no showing that their interpretations of their authority to take the actions complained about were constitutionally prohibited. Indeed, the Fifth Amendment claim is comparable to that made by a prisoner in *McCune v. Lile,* 536 U.S. 24 (2002) a plurality opinion with a strong dissent by four justices.

Admittedly this case is different because the plaintiff's refusal to admit to any sex offense caused his re-incarceration for parole violations but the uncertainty as to the scope of the privilege in these circumstances prevents the exposure of these defendants to a claim for damages.

This case is not materially different from *Gross v. Samudio, et al.,* Civil Action No. 11-cv-02594-RPM which is now on appeal from this Court's Order of Dismissal.

The defense of the constitutionality of Colorado's statutory and regulatory requirements limiting the liberty of those classified as sex offenders cannot be put on the backs of these defendants as individuals.

Accordingly, pursuant to Fed. R. Civ. P. 12(b)(6), it is

ORDERED that this civil action is dismissed.

DATED: August 18th, 2014

                BY THE COURT:

                s/Richard P. Matsch
                _____
                Richard P. Matsch, Senior Judge